# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONICEN PINNOCK,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-1824** |
| | : | |
| **UNIVERSITY OF PENN** | : | |
| **AT CEDAR,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PADOVA, J.**                                                                                           **JULY 14, 2025**

    Plaintiff Monicen Pinnock initiated this civil action against the University of Pennsylvania – Cedar Avenue ("HUP Cedar") by filing a *pro se* Complaint raising constitutional claims following an emergency room visit. Pinnock seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Pinnock leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.         FACTUAL ALLEGATIONS

    Pinnock alleges that she visited the emergency room at HUP Cedar but does not provide the date of her visit. (*See* ECF No. 2 ("Compl.") at 4.)[1] She avers that she underwent a series of tests, including "lab tests," and later "received a call from the Center for Disease Control informing [her] that they had bad news." (*Id.*) Pinnock allegedly was told "that her test came back positive," causing her to cry uncontrollably. (*Id.*) She insisted "it was an error as she just recently gave birth," but they sent "Antiviral medication to her pharmacy." (*Id.*) She was unable

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

to eat or sleep for two days. (*Id.*) Then the "CDC called and told her that the viral load test was low and that it was negative." (*Id.*) Nonetheless, Pinnock alleges that she went into a "downward spiral," suffering from weight loss, insomnia, and psychological issues. (*Id.*) She claims that she has suffered "mental impact" since September 14, 2023 and that "she will never be able [to] donate blood even though phlebotomy and direct care is her career of choice." (*Id.*)

Based on the foregoing allegations, Pinnock asserts claims pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* at 3.) She seeks monetary compensation in the amount of $100,000 for mental pain and suffering. (*Id.* at 4-5.)

## II.  MOTION TO AMEND CAPTION

On June 26, 2025, Pinnock filed a Motion for Leave to Amend Caption. (*See* ECF No. 7.) In so doing, Pinnock avers that this case "stems from an injury sustained" when "defendants [gave her] false results of a positive HIV testing results." (*Id.* at 2.) In her Motion, she seeks to amend the caption to add the following defendants: Fourth Generation HIV Testing,[2] Penn Presbyterian Infectious Diseases,[3] and Jillian Tracey Baron, MD, MPH.[4] (*Id.* at 1.) Pinnock avers that when she filed her Complaint, she "was not privy" to their names, but has since "learned who the other defendants are and now wishes to amend the action to include the then

---

[2] Although unclear, it appears that this proposed defendant refers to a test that is used to diagnose HIV, as opposed to an entity. According to the National Library of Medicine, the standard of care test for diagnosing HIV in a clinical setting is the serum test, known as the HIV fourth-generation test, a combination antibody (Ab) and antigen (Ag) test. *See* National Library of Medicine, HIV Testing, Diagnostic Tests, https://www.ncbi.nlm.nih.gov/books/NBK482145/ (last visited July 8, 2025).

[3] Although Pinnock listed "Penn Presbetartian Infectious Diseases" as a defendant, it appears that this was a misspelling.

[4] According to Penn Medicine's website, Dr. Baron is an Assistant Professor of Clinical Medicine (Infectious Diseases). *See* Penn Medicine, https://www.pennmedicine.org/providers/jillian-baron (last visited July 8, 2025).

unknown defendants." (*Id.* at 2.) By separate Order, the Court will grant the Motion and direct the Clerk of Court to add these defendants to the caption of this case.

### III. STANDARD OF REVIEW

The Court will grant Pinnock leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Pinnock's favor, and consider only whether the Complaint, construed liberally "contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678 (citation omitted).

Because Pinnock is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704

3

F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it [by] name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support." (quoting *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002))).

**IV.   DISCUSSION**

Pinnock asserts claims for constitutional violations pursuant to 42 U.S.C. § 1983. (*See* Compl. at 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citation omitted). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Pinnock names HUP Cedar, Fourth Generation HIV Testing, Penn Presbyterian Infectious Diseases, and Dr. Baron as Defendants, but she has not alleged specifically what each

of these Defendants did, or failed to do, to violate her constitutional rights. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). Pinnock has made no allegations describing how any specific individuals or entities were personally responsible for any alleged constitutional violations. Accordingly, to the extent Pinnock seeks to present claims against these Defendants, she has not alleged sufficient facts to proceed against them.

Regardless, Pinnock's constitutional claims fail because none of the Defendants are alleged to be state actors. Whether a private entity is acting under color of state law – *i.e.*, whether the defendant is a state actor subject to liability under § 1983 – depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). As the United States Court of Appeals for the Third Circuit has explained, there are three broad tests for whether state action exists:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (internal quotations omitted).

Pinnock has not alleged facts to support a plausible conclusion that any of the Defendants meet any of the foregoing tests, and nothing in the Complaint suggests any factual or legal basis

for concluding that the Defendants are state actors who could be liable under § 1983. *See, e.g., Howard v. Einstein Hosp.*, Civ. A. No. 20-1101, 2020 WL 4584035, at *4 n.7 (E.D. Pa. Aug. 10, 2020) (explaining that "private hospitals and their employees are generally not 'state actors' subject to liability under § 1983" (citing *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004))); *Bess v. Albert Einstein Hosp.*, Civ. A. No. 21-4059, 2022 WL 685537, at *3 (E.D. Pa. Mar. 8, 2022) (concluding that Albert Einstein Hospital and its employees were not state actors for purposes of § 1983 claim); *Chrupcala v. Chester Cnty. Hosp.*, Civ. A. No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that defendants Chester County Hospital and its privately employed nurse were not state actors, and, therefore, could not face liability under § 1983); *Pa. Informed Consent Advocs., Inc. v. Univ. of Pa. Health Sys.*, Civ. A. No. 21-4415, 2022 WL 2316648, at *2-4 (E.D. Pa. June 28, 2022) (concluding that defendant University of Pennsylvania Health System was not a state actor).

## V.     CONCLUSION

For the foregoing reasons, the Court will grant Pinnock leave to proceed *in forma pauperis*, grant her motion to amend the caption, and dismiss her Complaint with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as any amendment would be futile. An appropriate Order follows, which dismisses this case.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.